**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**PITTSBURGH**

| | | |
|---|---|---|
| DARIAN HELMANTOLER,<br><br>Plaintiff,<br><br>vs.<br><br>JASON WALSH, IN HIS INDIVIDUAL CAPACITY; RYAN LENZI, IN HIS INDIVIDUAL CAPACITY; LESLIE RIDGE, IN HER INDIVIDUAL CAPACITY; BRADY STALLINGS, IN HIS INDIVIDUAL CAPACITY; CITY OF MONONGAHELA, A MUNICIPAL CORPORATION; WASHINGTON COUNTY PENNSYLVANIA, WASHINGTON COUNTY CORRECTIONAL FACILITY, WASHINGTON COUNTY DISTRICT ATTORNEY'S OFFICE, CITY OF MONONGAHELA POLICE DEPARTMENT,<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:25-CV-00942-MJH |

**<u>MEMORANDUM ORDER</u>**

This case was referred to the United States Magistrate Judge Christopher B. Brown for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rule 72 of the Local Rules for Magistrate Judges. On May 19, 2026, the Magistrate Judge issued a Report and Recommendation (ECF No. 45), addressing the two Motions to Dismiss filed by Defendants. (ECF Nos. 22 & 28). The first Motion to Dismiss was filed by Defendants City of Monongahela, City of Monongahela Police Department, Ryan Lenzi, and Brady Stallings

("Monongahela Defendants"). The second Motion to Dismiss was filed by Defendants Leslie Ridge, Jason Walsh, Washington County Correctional Facility, Washington County District Attorney's Office, and Washington County ("Washington Defendants"). The Magistrate Judge recommended that the motions be granted in part and denied in part. On June 2, 2026, Plaintiff, and the Monongahela Defendants, each filed objections to the Report and Recommendation. (ECF Nos. 46-47).

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).

Following a de novo review of the relevant pleadings and documents in this case, together with the Report and Recommendation, and Objections thereto, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge. However, the Monongahela Defendants' objections are well-taken, and following de novo review, the Magistrate Judge's Report and Recommendation, as regards claims against officers Ryan Lenzi and Brady Stallings at Counts I, II, IV and VIII, will not be adopted. In all other respects, the well-reasoned Report and Recommendation, as regards all other claims and all other Defendants, will be adopted.

## I. Statement of Facts

The Magistrate Judge's Report and Recommendation recites the alleged facts contained within Plaintiff's Complaint in extensive detail. *See* (ECF No. 45, at 3-11). The Court adopts the Magistrate Judges characterization of Plaintiff's alleged facts and the reader is directed to refer to the Magistrate Judge's Report and Recommendation for the background of the alleged facts at issue. The Court has

also accepted as true all factual allegations, as set forth in Plaintiff's Complaint. (ECF No. 1). This Court has also reviewed all filings and all briefing filed in this case.

## II. Plaintiff's Objections

### A. Count IX: Intentional Infliction of Emotional Distress

Plaintiff objects to the Magistrate Judge's recommendation that this Court dismiss Plaintiff's IIED claim at Count IX. The Magistrate Judge concluded that Plaintiff is unable to plead any intentional infliction of emotional distress claim against Officer Stallings and Lt. Lenzi, because Plaintiff has not alleged facts to show that these Defendants' conduct was extreme and outrageous. (ECF No. 46, at 2). Plaintiff argues that she sufficiently pled facts to allege that Officer Stallings and Lt. Lenzi's actions were clearly outrageous enough to establish a claim for IIED. (*Id*.).

To state a claim for intentional infliction of emotional distress ("IIED") under Pennsylvania law, the Plaintiff must allege the following regarding the defendant's conduct: (1) it was extreme and outrageous; (2) intentional or reckless; and (3) it caused severe emotional distress. *Dingle v. Centimark Corp.*, 2002 WL 1200944, at *8 (E.D. Pa. June 3, 2002) (citing *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 85 (3d Cir. 1987)).

In recommending that this Court dismiss Plaintiff's IIED claim against Officer Stallings and Lt. Lenzi, the Magistrate Judge reasoned:

> Helmantoler's claims do not rise to the level of outrageousness necessary to state a claim for IIED. While Officer Stallings and Lt. Lenzi not giving Helmantoler updates on the medical status of A.D. as he was being treated by paramedics may have been understandably upsetting to her, such conduct is not so extreme and outrageous to permit recovery. A defendant exhibiting "callousness or insensitivity . . . does not

> suffice to establish liability for IIED." *Starks v. N. York Cnty. Reg'l Police Dep't*, 2025 WL 895826, at *15 (M.D. Pa. Mar. 24, 2025) (cleaned up).

(ECF No. 45, at 40). The Magistrate Judge further determined that Plaintiff's allegations, that Officer Stallings and Lt. Lenzi falsely filed criminal charges against her and falsely imprisoned her for two weeks, are not sufficient to show outrageousness and establish her IIED claim. The Magistrate Judge held, "while claims that a defendant intentionally fabricated false evidence that led to an arrest for murder is sufficiently egregious to support an IIED claim, there are no such claims in this case." (*Id.* at 40-41). The Magistrate Judge continued, "rather, the gravamen of Helmantoler's claims is that her arrest and prosecution lacked probable cause, which is a completely different scenario than intentional fabrication of evidence." (*Id.*).

Plaintiff argues that Officer Stallings and Lt. Lenzi actively concealed the condition of A.D., even though they were receiving updates from the EMTs regarding A.D.'s condition and they knew that Plaintiff was exhibiting suicidal ideations. (ECF No. 46, at 2-3). Plaintiff alleges that, despite this, the officers continued to lie to her about A.D.'s condition, falsely filed criminal charges against her, and falsely imprisoned her for two weeks with tortuous intent to inflict severe emotional distress on Plaintiff. (*Id.*). Plaintiff cites to *Dull v. West Manchester Tp. Police Dept.*, 604 F. Supp. 2d 739 (M.D. Pa. 2009) and *Butler v. Upper Merion Twp.*, 765 F. Supp. 3d 441, 453 (E.D. Pa. 2025) as support that her allegations rise to the level of outrageousness required to establish an IIED claim against the officers.

The Court agrees with the Magistrate Judge. Plaintiff has not alleged sufficient facts to show that Officer Stallings and Lt. Lenzi's conduct rose to the level of outrageousness required to establish a claim for IIED. The Magistrate Judge discussed that, while the officers' conduct may have been

upsetting, such was not extreme or outrageous enough to permit recovery. *See* (ECF No. 45, at 40). Plaintiff's objections do not point to any other allegations not considered by the Magistrate Judge to refute this conclusion. The Magistrate Judge correctly concluded that Plaintiff's allegations focus upon the question of probable cause to support bringing the criminal charges against her, which is different from intentional fabrication of evidence; and thus, such conduct is not outrageous enough to establish an IIED claim. *Thompson v. City of Williamsport*, 2024 WL 1747645, at *17 (M.D. Pa. Apr. 23, 2024) ("Falsely initiating a criminal prosecution without probable cause ordinarily does not support a cause of action for IIED, even where the false arrest was intentionally orchestrated."). Further, the cases that Plaintiff cites, to support that her allegations against the officers rise to the required level of outrageous conduct, are factually distinct from the allegations in this case; and thus, do not persuade this Court that the Magistrate Judge erred in reaching his conclusion.

For these reasons, Plaintiff's objections are overruled. The Court will adopt the Magistrate Judge's recommendation as to Plaintiff's IIED claims, at Count IX of the Complaint, and grant the Monongahela Defendants' Motion to Dismiss Count IX.

## III. Monongahela Defendants' Objections

### A. Counts I, IV and VIII: Section 1983 False Arrest/Imprisonment, Malicious Prosecution, and State claims of False Arrest/False Imprisonment

As regards the Magistrate Judge's recommendation to deny the Monongahela Defendants' Motion to dismiss Counts I, IV and VIII, the Magistrate Judge reasoned that a probable cause determination was "premature at this stage." (ECF No. 45, a 32). For Count I, False Arrest/False Imprisonment, Plaintiff claims her initial detention for questioning by Officer Stallings and Lt. Lenzi violated her Constitutional rights, because such detention and questioning lacked reasonable

suspicion. The Monongahela Defendants' object to the Magistrate Judge's recommendation to deny their motion to dismiss said claim. (ECF No. 47, at 1-2). The Monongahela Defendants argue that the Magistrate Judge overlooked Plaintiff's own unambiguous allegation that, after being read her Miranda rights she agreed to continue speaking to Defendants Lenzi and Stallings, and that she indicated her consent to take lie detector tests, which support that her detention and questioning by the officers did not violate her constitutional rights. (*Id.*) (citing ECF No. 1, at ¶ 35). The Monongahela Defendants further contend that Plaintiff's own extensive allegations within her Complaint establish that her detention was based upon reasonable suspicion. The Monongahela Defendants also argue that the Complaint's extensive factual allegations about circumstances leading to and during the initial detention and questioning of Plaintiff confirm that the Plaintiff does not sufficiently plead that the officers lacked reasonable suspicion that a crime had been committed. As such, said Defendants argue that their motion to dismiss Count I, False Imprisonment/False Arrest claim, should be granted.

A Fourth Amendment seizure occurs when police make in investigatory stop. *Terry v. Ohio*, 392 U.S. 1, 16 (1968) ("It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person."). To justify an investigatory stop, an officer must have a "reasonable suspicion" that some sort of criminal activity existed. *Id.* at 21. In determining whether reasonable suspicion existed to conduct an investigatory stop, courts must analyze the "totality of the circumstances" surrounding the stop. *United States v. Sokolow*, 490 U.S. 1, 7 (1989). The officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" the investigatory stop. *Terry*, 392 U.S. at 21. Officers may rely on "their own

experience and specialized training to make inferences from and deductions about the cumulative information available to them, that might well elude an untrained person." *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

The Court disagrees with the Magistrate Judge's recommendation to deny the Monongahela Defendants' motion to dismiss, because the Plaintiff has failed to sufficiently plead facts to establish that the Defendant Officers lacked reasonable suspicion to initially detain and question Plaintiff. Plaintiff alleges that when the officers arrived at her house, she told them that A.D. was sleeping with her in her bed and that she had had consumed alcohol before going to sleep. Plaintiff further alleges that the EMT reported to Officer Stallings that the circumstances were suspicious, because there was blood coming from A.D.'s nose. (ECF No. 1, at ¶ 32). Plaintiff alleges that she was then read her Miranda rights, after which she "agreed to continue speaking" with the officers. (*Id.* at 35).[1] The extensive facts alleged within Plaintiff's Complaint best inform this Court's analysis and support the conclusion that Plaintiff has failed to plead that the Defendant officers lacked reasonable suspicion to detain and question Plaintiff, both at her home and at the police station.

The Monongahela Defendants also object to the Magistrate Judge's recommendation that their motion to dismiss be denied as to Plaintiff's Fourth Amendment and State false arrest and malicious prosecution claims at Counts I, IV, and VIII. The Monongahela Defendants argue that Officer Stallings and Lenzi had sufficient probable cause to arrest and prosecute Plaintiff. The Monongahela Defendants argue that the Magistrate Judge applied the wrong standard for probable cause and

---

[1] These facts are also contained within Officer Stallings' Affidavit, which is attached as Exhibit A to the Complaint and copied word for word within the Complaint itself. (ECF No. 1, at ¶ 95); (ECF No. 1-2).

erroneously introduced a subjective element (i.e., how the officers viewed and considered the available facts) into a purely objective analysis. (ECF No. 47, at 4). The Monongahela Defendants further contend that the Magistrate Judge's recommendation "fails to apply the correct inquiry in a probable cause determination – whether the facts and circumstances within the arresting officers' knowledge are sufficient to warrant a reasonable person to believe that an offense has been committed." (*Id.*).

"An arrest may violate the standards of the Fourth Amendment ... if made without probable cause to believe that a crime has been committed." *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994). Probable cause exists "when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir.1995). Probable cause is a wholly objective, "reasonable officer" standard, and the officer's subjective motivation is irrelevant. *Whren v. U.S.,* 517 U.S. 806, 813, (1996). A warrantless arrest in a public place comports with the Fourth Amendment so long as there was probable cause to arrest for some crime; the probable cause need not be for the crime articulated by the arresting officer, or even for a "closely related" crime. *Devenpeck v. Alford*, 543 U.S. 146, 153–54 (2004).

In addition to the same allegations that support this Court's above conclusions regarding reasonable suspicion, from their continuing investigation, additional facts were available to the officers when the charges were filed. Plaintiff's extensive allegations and the facts set forth within the Affidavit of Probable Cause, when analyzed by the appropriate objective reasonable officer standard, again lead this Court to conclude that the Plaintiff has failed to plead that her arrest was

made without probable cause. Among other allegations within her Complaint, Plaintiff has alleged that when she was interrogated at the police station, she informed the officers that she had consumed three alcoholic beverages, slept in the same bed as A.D., she could have rolled over onto him when she was sleeping, when she awakened she saw a cut on the baby's head, and the EMT reported it as suspicious that the baby was bleeding from the nose (ECF No. 1, at ¶ 84 (a)-(qq)). These allegations, combined with the facts set forth within Officer Stallings' Affidavit of Probable Cause, including that a doctor from the hospital reported to the officer that he observed blue/grayish coloring in the front of the neck and around the mouth of the child. (ECF No. 1-2), support that the Plaintiff fails to plead facts to establish that the officers did not have probable cause for Plaintiff's arrest and subsequent prosecution.

The Magisterial District Court Judge also found probable cause for arrest by virtue of the officer's Affidavit of Probable cause for the arrest. This finding by the Magisterial Court Judge also supports the existence of probable cause, which further supports this Court's conclusion that the Plaintiff has failed to plead the absence of probable cause for her arrest.

Furthermore, as the Monongahela Defendants properly note, there were six charges brought against the Plaintiff, Criminal Homicide, Aggravated Assault-General, Aggravated Assault, Endangering the Welfare of Children, Aggravated Assault, and Recklessly Endangering Another Person. For her malicious prosecution claims, it is the Plaintiff's burden to plead facts to establish the absence of probable cause. The facts alleged by the Plaintiff and as presented in the Affidavit of Probable Cause are all relevant to each of these charges. However, to plead and prove malicious prosecution, where multiple criminal charges have been brought, a plaintiff must establish the

absence of probable cause for all of the charges. *Kossler v. Crisanti*, 564 F.3d 181, 193-94 (3d Cir. 2009) ("the existence of probable cause for the arrest -- stemming from the existence of probable cause for at least one charge – preclude[s] the plaintiff from proceeding with [his] malicious prosecution claim with respect to any of the charges brought against [him]."). In that the charges filed against the Plaintiff included the least culpable offense of Recklessly Endangering Another Person, unless she sufficiently pleaded a lack of probable cause as to this offense, her claim for malicious prosecution fails. As to such lesser charge, regardless of analysis of the facts relevant to probable cause for the other charges, the facts as pleaded by the Plaintiff do not establish that the officers lacked probable cause for Plaintiff's arrest and subsequent prosecution.

Finally, in the context of a malicious prosecution claim, a plaintiff cannot prove an absence of probable cause for arrest and prosecution by virtue of a verdict of acquittal. Here, plaintiff pleads that she was acquitted of all charges brought against her. (ECF No. 1, at ¶¶ 154, 252). The fact that a party is acquitted on a charge does not establish that there was no probable cause for the arrest or for the prosecution. *See Rosario v. Lynch*, 2017 WL 4098709 (E.D. Pa. 2017). Thus, Plaintiff's acquittal does not save her failed malicious prosecution claim.

For these reasons, the Monongahela Defendants' objections to the Magistrate Judge's recommendation, that their motion to dismiss be denied as to Officers Stallings and Lt Lenzi in Counts I, IV, and VIII, will be sustained. The Court will reject the Magistrate Judge's recommendations as to the Monongahela Defendants, Officers Stallings and Lt. Lenzi's, Motion to Dismiss for these claims. The defense motion to dismiss will be granted and said claims will be dismissed.

**B. Count II: Fourth Amendment Probable Cause for Search Warrants**

The Monongahela Defendants object to the Magistrate Judge's recommendation that this Court deny Defendants' motion to dismiss Plaintiff's Count II, Fourth Amendment claim, which alleges illegal search and seizure against Officer Stallings.

The Monongahela Defendants argue that the search warrant was properly supported by probable cause and that the Magistrate Judge "incorrectly shift[ed] Plaintiff's burden to sufficiently plead a plausible claim for lack of probable cause to a burden on the officer to demonstrate the existence of probable cause." (ECF No. 47, at 7). The Monongahela Defendants also argue that the Complaint "fails to allege that Defendant Stallings made any false statements in the warrant affidavits, or omitted any material facts therefrom, so as to mislead the magisterial district judge regarding the existence of probable cause." (*Id.* at 8).

Plaintiff alleges in Count II, "since the affidavits of probable cause attached to all three search warrants were essentially identical to the Criminal Complaint, Defendants lacked probable cause for the same reasons explained in Count I of this Complaint.". (ECF 1 at ¶ 226). Plaintiff also incorporates all factual allegations from her Complaint into her Count II claim. As with Plaintiff's claims at Counts I, IV and V, the sufficiency of Plaintiff's Count II claim for illegal search and seizure is dependent upon Plaintiff pleading facts to establish a lack of probable cause. As determined above, and equally dispositive to the defense Motion to Dismiss Count II, the Plaintiff has not pleaded a lack of probable cause. Therefore, her claim against Officer Stallings fails, and the Monongahela Defendants' Objection to the Magistrate Judge's Report and Recommendation as to

Count II will be sustained. The Court will reject the Magistrate Judge's recommendations as to Officers Stallings for this claim. Said claim at Count II will be dismissed.

**C. Qualified Immunity**

As regards these defendant's asserted defense of qualified immunity, the Monongahela Defendants also filed objections, arguing that the Magistrate Judge erroneously recommended the denial of qualified immunity for Officer Stallings and Lt. Lenzi for Counts I, IV, and VIII. (ECF No. 47, at 5-8). The Magistrate Judge recommended denial at this stage, because he determined that such ruling was premature vis-à-vis the probable cause issue. Insofar as this Court is not adopting the Report and Recommendation concerning the lack of probable cause issue, and since the Monongahela Defendants' motion to dismiss is being granted as to Officer Stallings and Lt. Lenzi for those counts, the defense objection to denial of qualified immunity is moot.

The Monongahela Defendants also challenge the denial of qualified immunity, arguing that such is available to Officer Stallings and Lt. Lenzi, because when the criminal complaint was prepared, it was done with assistance from the Assistant District Attorney. In making this argument, defense cites the Third Circuit's opinion of *Kelly v. Borough of Carlisle*, 622 F.3d 248 (3d Cir. 2010), which provides that police officers are encouraged to seek legal advice, and that their doing so amounts to a "'thumb on the scale' in favor of qualified immunity." *Kelly*, 622 F.3d 248, 255 (3d Cir. 2010). Again, as Counts I, IV and VIII are being dismissed against these defendants, determination of qualified immunity is moot.

Because the qualified immunity defense is moot, the Court will therefore reject the Magistrate Judge's Report and Recommendation regarding qualified immunity for these defendants.

**D. Amendment of Claims**

Based upon the findings herein, any amendment by Plaintiff regarding the above-mentioned claims would be futile. Therefore, Plaintiff will not be granted leave to amend any of these claims. Said claims will be dismissed.

**IV. Order**

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, and for the reasons set forth above, the following Order is entered:

AND NOW, this 3rd day of September 2026, it is ORDERED that the Report and Recommendation (ECF No. 45), filed on May 19, 2026, is adopted in part and rejected in part. As discussed in the foregoing opinion, the Report and Recommendations, as regards Plaintiff's Count I, § 1983 claims for False Arrest/False Imprisonment against Officer Stallings and Lt Lenzi, and Count II, § 1983 claims for Illegal Search and Seizure against Officer Stallings and Lt Lenzi, and Count IV, § 1983 claims for Malicious Prosecution against Officer Stallings and Lt Lenzi, and Count VIII, State law claims for False Arrest and False Imprisonment are rejected, such that the defense Motion to Dismiss all of such claims is granted and all such claims against Defendants Stallings and Lenzi are dismissed. Plaintiff will not be granted leave to amend these claims.

In all other respects, the Report and Recommendation of Magistrate Judge Brown is adopted in full. A chart to reflect the disposition as to claims within the Report and Recommendation that has been adopted and that also reflects the above rulings by this Court as to Officer Stallings and Lt Lenzi at Counts I, II, IV and VIII is set forth below.

IT IS SO ORDERED as follows:

| **Count I: § 1983 False Arrest/False Imprisonment** | |
|---|---|
| **Defendant** | **Disposition** |
| DA Walsh | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| ADA Ridge | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| Officer Stallings | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| Lt. Lenzi | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| City PD | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |
| City | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| DA's Office | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |

| **Count II: § 1983 Illegal Search and Seizure** | |
|---|---|
| **Defendant** | **Disposition** |
| DA Walsh | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| ADA Ridge | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| Officer Stallings | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |

| | |
|---|---|
| Lt. Lenzi | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| City PD | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |
| City | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| DA's Office | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |

| **Count III: § 1983 Invasion of Right to Privacy** | |
|---|---|
| **Defendant** | **Disposition** |
| DA Walsh | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| ADA Ridge | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| Officer Stallings | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| Lt. Lenzi | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| City PD | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |
| City | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| DA's Office | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |

| **Count IV: § 1983 Malicious Prosecution** | |
|---|---|
| **Defendant** | **Disposition** |
| DA Walsh | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| ADA Ridge | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| Officer Stallings | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| Lt. Lenzi | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| City PD | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |

| | |
|---|---|
| City | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| DA's Office | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |

| **Count V: § 1983 Civil Conspiracy** | |
|---|---|
| **Defendant** | **Disposition** |
| DA Walsh | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| ADA Ridge | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| Officer Stallings | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| Lt. Lenzi | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| City PD | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |
| City | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| DA's Office | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |

| **Count VI: § 1983 Failure to Supervise and *Monell*** | |
|---|---|
| **Defendant** | **Disposition** |
| City | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| County (not named, but as inferred by briefing) | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| City PD | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |
| DA's Office | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |

| **Count VII: § 1983 Deliberate indifference to serious medical needs** | |
|---|---|
| **Defendant** | **Disposition** |
| County | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| WCCF | • Claim withdrawn<br>• Claim is dismissed with prejudice |

| Count VIII: False Arrest/False Imprisonment under state law | |
|---|---|
| **Defendant** | **Disposition** |
| DA Walsh | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| ADA Ridge | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| Officer Stallings | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| Lt. Lenzi | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| City PD | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |
| City | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| DA's Office | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |

| Count IX: Intentional Infliction of Emotional Distress under state law | |
|---|---|
| **Defendant** | **Disposition** |
| DA Walsh | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| ADA Ridge | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| Officer Stallings | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| Lt. Lenzi | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| City PD | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |
| City | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| DA's Office | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |

| Count X: Abuse of Process under state law | |
|---|---|
| **Defendant** | **Disposition** |

| | |
|---|---|
| DA Walsh | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| ADA Ridge | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| Officer Stallings | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| Lt. Lenzi | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| City PD | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |
| City | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| DA's Office | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |

| **Count XI: Intentional Interference with Dead Body under state law** | |
|---|---|
| **Defendant** | **Disposition** |
| DA Walsh | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| ADA Ridge | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| Officer Stallings | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| Lt. Lenzi | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| City PD | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |
| City | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| DA's Office | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |
| County | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |

| | |
|---|---|
| WCCF | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |

| Count XII: Civil Conspiracy under state law | |
|---|---|
| **Defendant** | **Recommendation** |
| DA Walsh | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| ADA Ridge | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| Officer Stallings | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| Lt. Lenzi | • Motion to dismiss is granted<br>• Claim is dismissed without prejudice |
| City PD | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |
| City | • Motion to dismiss is granted<br>• Claim is dismissed with prejudice |
| DA's Office | • Defendant/claim withdrawn<br>• Claim is dismissed with prejudice |

Any amended complaint must be filed on or before **September 17, 2026.**

DATED: September 3, 2026

BY THE COURT: