**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**PITTSBURGH**

| | | |
|---|---|---|
| DARIAN HELMANTOLER,<br><br>Plaintiff,<br><br>vs.<br><br>JASON WALSH, IN HIS INDIVIDUAL CAPACITY; RYAN LENZI, IN HIS INDIVIDUAL CAPACITY; LESLIE RIDGE, IN HER INDIVIDUAL CAPACITY; BRADY STALLINGS, IN HIS INDIVIDUAL CAPACITY; CITY OF MONONGAHELA, A MUNICIPAL CORPORATION; WASHINGTON COUNTY PENNSYLVANIA, WASHINGTON COUNTY CORRECTIONAL FACILITY, WASHINGTON COUNTY DISTRICT ATTORNEY'S OFFICE, CITY OF MONONGAHELA POLICE DEPARTMENT, | ) | 2:25-CV-00942-MJH |

Defendants,

**<u>OPINION & ORDER</u>**

Presently before the Court is Plaintiff Darien Helmantoler's "Motion to Reconsider Memorandum Order" in relation to this Court's 9/3/2026 Memorandum Order, ECF No. 48, which adopted as the Opinion of the Court the Magistrate Judge's May 19, 2026, Report and Recommendation (ECF No. 45), as to all claims except those against officers Ryan Lenzi and Brady Stallings at Counts I, II, IV and VIII, and dismissed the case. After careful consideration of the parties' arguments and for the following reasons, Plaintiffs Motion will be DENIED.

A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "Mere dissatisfaction with a court's ruling is not a proper basis for reconsideration." *Prusky v. Phoenix Life Ins. Co.*, 2003 WL 22597510, at *2 (E.D. Pa. Nov. 4, 2003) (citing *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)). Motions for reconsideration should be granted only "sparingly." *Pa. Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992). They should not be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks and citation omitted).

In her Motion for Reconsideration, Plaintiff relies on the need to correct this Court's alleged clear error of law. *Lazardis*, 591 F.3d at 669. Plaintiff notes, "[b]ased on *Kossler* [v. *Crisanti*, 564 F.3d 181, 193–94 (3d Cir. 2009)], the District Court . . . concluded that Plaintiff must plead and prove each charge lacked probable cause in order to move forward with any of the malicious prosecution claims." (ECF No. 49 at 3). Plaintiff further states, "this holding of *Kossler* contradicts . . . [with] *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556 (2024)" where the Supreme Court held that, "the presence of probable cause for one charge does not automatically defeat a Fourth Amendment malicious-prosecution claim alleging the absence of probable cause for another charge." (*Id.*); *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 561 (2024). Based on this holding, Plaintiff argues that, if they have "plead[ed] lack of probable cause for any of the charges against her," then her malicious prosecution claims for said charges must be able to move forward. (ECF No. 49 at 3). Plaintiff further argues, "Defendants lacked probable cause to arrest

or prosecute her for any of the charges filed against her[,]" including the most serious of those charges, homicide. (*Id.*) Lastly, she claims, "Defendants lacked probable cause because at the time of her arrest, Defendants Ridge, Stallings, and Lenzi could not identify [any cause for] A.D.'s death." (*Id.* at 4).

Merits aside, a reconsideration motion is not a vehicle for Plaintiff to introduce legal arguments that should have been raised previously, particularly if the cases upon which the Plaintiff now relies, had been decided long ago. *Re v. O'Connor*, No. 15-cv-6326, 2016 WL 7315161, at *2 (D.N.J. Oct. 5, 2016) (citing *Warren v. Fisher*, 2013 U.S. Dist. LEXIS 178944, at *12 (D.N.J. Dec. 20, 2013) ("[r]econsideration is not . . . an opportunity to present new legal arguments that were available but not advanced when the underlying motion was decided.")). Plainly, Plaintiff attempts to re-litigate issues that she had an opportunity to fully address. *See id.* Plaintiff filed her Complaint on July 3, 2025, (ECF No. 1), her Brief in Opposition on November 24, 2025, (ECF No. 39), and her Objections to Report and Recommendation on June 2, 2026, (ECF No. 46). *Chiaverini v. City of Napoleon*, Ohio was decided on June 20, 2024, a full year before Plaintiff filed her Complaint and Brief in Opposition, and two years before Plaintiff filed her Motion for Reconsideration.[1] (ECF No. 1); (ECF No. 39); (ECF No. 46). Therefore, as Plaintiff could have raised this argument in her responsive pleadings or in her Objections to Report and Recommendation, the Court finds that reconsideration is improper. *See Cornerstone Residence, Inc. v. City of Clairton, Pennsylvania*, No. CV 17-706, 2018 WL 306670, at *5 (W.D. Pa. Jan. 5, 2018) (citing *United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (reconsideration is improper when a party should have raised an argument earlier).

[1] For the avoidance of doubt, *Chiaverini* was neither discussed by any of the named Defendants' in their filings, nor by Judge Brown in his Report and Recommendation. *See e.g.*, (ECF No. 22); (ECF No. 23); (ECF No. 28); (ECF No. 29); (ECF No. 40); (ECF No. 43); (ECF No. 45); (ECF No. 47).

Even if Plaintiff had raised this argument in her responsive pleadings, or in her Objections to Report and Recommendation, her arguments would still fail. In *Chiaverini*, the Supreme Court held that probable cause supporting one criminal charge does not automatically defeat a malicious prosecution claim based upon a separate charge that lacked probable cause. *Poteat v. Lydon*, No. 5:21-CV-3117, 2026 WL 2137702, at *7 (E.D. Pa. July 24, 2026) ("finding that the presence of probable cause for one charge in a criminal proceeding does not categorically bar a Fourth Amendment malicious prosecution claim relating to a separate, invalid charge"); *Nigel Dedieece Carter v. Robert J. Edwards*, No. CV 25-4490, 2026 WL 2444606, at *7 (E.D. Pa. Aug. 19, 2026) (discussing *Chiaverini*). Critical to this analysis is that Plaintiff must plausibly allege that the felony charge itself lacked probable cause. *Nigel Dedieece Carter*, 2026 WL 2444606, at *7.

Here, despite Plaintiff's assertions, there is ample evidence of probable cause for each of the charges filed against her, including the most serious offense for which she was charged, homicide.[2] Malicious prosecution "hinge[s] on probable cause," and thus the issue central to the instant motion is whether probable cause existed at the time of Plaintiff's arrest. *See Andrews v. Scuilli*, 853 F.3d 690, 697 (3d Cir. 2017). As noted in this Court's Memorandum Order, Plaintiff alleges she told the arresting officers that A.D. was sleeping with her in bed and that she had consumed alcohol before going to sleep, and the responding EMTs reported to the arresting officers that the circumstances were suspicious because there was blood coming from A.D.'s nose. (ECF No. 48 at 7, 9). This is in addition to, when Plaintiff was interrogated at the police station, she informed the arresting officers that she had consumed three alcoholic beverages, slept in the same bed as A.D., she could have rolled over onto him when she was sleeping, and when she

[2] For example, Plaintiff asserts "[w]ithout any evidence of the cause of A.D.'s death, Defendants could not have had probable cause to arrest or prosecute Plaintiff for homicide." (ECF No. 49 at 4).

awakened, she saw a cut on the baby's head. (*Id.*) These allegations, combined with the facts set forth within Officer Stallings' Affidavit of Probable Cause, including that a doctor from the hospital reported to the arresting officers that he observed blue/grayish color in the front of the neck and around the mouth of the child, (ECF No. 1-2), all together support that the Plaintiff fails to plead facts to establish that the arresting officers did not have probable cause for Plaintiff's arrest. (ECF No. 48 at 9).

For all of these reasons, Plaintiff's Motion for Reconsideration is DENIED.

DATED: October 27, 2026

Marilyn J. Horan
United States District Court Judge